UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24020-BLOOM

JEAN BAPTISTE JOSEPH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING LEAVE TO APPEAL**
***IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal, ECF Nos. [56], [58], & [59] ("Motion"). The Motion argues that Plaintiff is unable to pay the fees and costs of pursuing his appeal, and requests permission to proceed *in forma pauperis* on appeal. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. As discussed below, the Motion is denied.

Federal Rule of Appellate Procedure 24 provides that

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Upon review of the Motion and the attached financial information, the Court concludes that Plaintiff's Motion must be denied. First, the Motion fails to comply with Rule 24 because does not attach an affidavit identifying the issues Plaintiff seeks to present on appeal. *See generally* ECF Nos. [56], [58], & [59]; *see also Davis v. Tony*, No. 20-cv-60677, 2020 WL 1692616, at *1 (S.D.

Fla. Apr. 7, 2020); *United States v. Manati*, No. 1:13-CR-338-CAP-RGV, 2014 WL 12722883, at *1 (N.D. Ga. Dec. 9, 2014), *report and recommendation adopted*, No. 1:13-CR-338-CAP-RGV, 2014 WL 12724110 (N.D. Ga. Dec. 30, 2014).

Moreover, although Plaintiff attaches his six-month prisoner account statement to the Motion, this statement fails to demonstrate Plaintiff's inability to pay. Instead, Plaintiff's account statement reflects that Plaintiff regularly receives deposits into his account and that he currently maintains a $2,369.59 balance as of February 2, 2021. *See* ECF No. [58] at 5; *see also Miller v. Brown*, No. CV 112-166, 2013 WL 1346826, at *3 (S.D. Ga. Feb. 21, 2013) (discussing cases where prisoners had less than $2,000.00 in their inmate accounts and were denied IFP, and concluding that the $10,000.00 plaintiff had in his account was more than sufficient funds to prosecute his lawsuit without proceeding IFP), *report and recommendation adopted*, No. CV 112-166, 2013 WL 1346710 (S.D. Ga. Apr. 3, 2013).

> While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed assets, plaintiff is not indigent.

*Kinloch v. Wilcher*, No. CV420-209, 2020 WL 6937471, at *1 (S.D. Ga. Nov. 5, 2020), *report and recommendation adopted*, No. CV420-209, 2020 WL 6922628 (S.D. Ga. Nov. 24, 2020). Thus,

Case No. 18-cv-24020-BLOOM

because Plaintiff has sufficient funds in his inmate account to pay the entire filing fee on appeal, the Court concludes that he has failed to establish his indigency or inability to pay in this case. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.").

Should Plaintiff still wish to proceed with the pending appeal, he must pay the filing fee for the pending appeal. Furthermore, the Court directs him to Federal Rule of Appellate Procedure 24(a)(5), which states that, upon a district court's denial of an IFP motion, a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." Fed. R. App. P. 24(a)(5). Further, a motion to proceed on appeal *in forma pauperis* "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF Nos. [56], [58], & [59]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jean Baptiste Joseph
08402-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101